We'll call our third case for today. National City Mortgage Company v. Steven, number 09-1731. Ms. Braunstein and Mr. Kelly. Good morning. May it please the Court, Sherry Braunstein on behalf of the Appellant National City Mortgage Company. Usually what happens when you do a mortgage foreclosure, you have a, at the very least, a bring-down search, or the equivalent of a bring-down search done so you can see who the people are who have liens behind you. Was that done in this case? I believe it was done, Your Honor. However, as we stated in our brief, it was an inadvertent mistake that it was not listed in the 3129 affidavit and Chase was not properly served with notice of sale prior to marginal sale. And so what happens under Pennsylvania law, I guess under Section 3129, if the second lien holder is not given notice of the mortgage foreclosure by a prior lien holder, the lien of the second lien holder is not disturbed if you were to get confirmation of that sale? Is that correct? That's correct, Your Honor. However, I believe 3129 is silent on the issue as to what actually happens with the junior lien holder. I'm sorry, that's right. There's some Pennsylvania cases basically say that the second lien holder is not disturbed. That's correct, Your Honor. So what you then tried to do was, although those, sticking to that, if I could, although that line of cases came before the amendment to the rule, did it not? Did they not? I would take Your Honor's word for it, yes. Delaware is identical to Pennsylvania, and I think it's the same in Delaware, that you're not affected. But the point being that you did not get confirmation, no deed has been given over yet. That's correct, Your Honor. The deed was never acknowledged or delivered. Now, it would seem that your first tax should have been what your second one was, which is, let's start over. But instead, you wanted the court, why don't you just tell us that in effect, we win, they don't have a lien, and the court didn't buy that? That's correct, Your Honor. To file the motion to divest lien was the least costly way to try to get to the same result, which is what happened. We petitioned the court to divest lien at the same time, I believe, communications were attempted to that junior lien holder to obtain a waiver of the notice of sale, and we filed a petition to divest lien when we didn't hear any response. When that motion was denied... I mean, it's pretty easy to see why that one would be denied. That's correct, Your Honor. However, under the rules of civil procedure, a junior lien holder is only entitled to notice of sale in order to bid to protect its interest at sale. In this instance, Chase has now obtained a super priority lien, which it would not have been entitled to had it been notice of sale prior. I understand what Chase is doing. I mean, they don't want to be knocked out of the box. But it would seem that your first attack should have been, okay, we messed up. Before this deed is given out, before there's confirmation, before we're stuck with the possibility of a second lien holder being in place, that if we sell this property, we then got to throw off $51,000 to them. What you should have done was what you did the second time, which is, hey, let's have a do-over. You're correct, Your Honor. And we did advise the court that we would have bared all costs to redo and to have another martial sale of the property. And that would have put all parties back into the position they were in prior to the sale. And the only party that would have been prejudiced would have been the appellant in this case who had already agreed to incur all expenses incurred. And a lot of this would have been a whole lot easier if you had started where about 99.9 percent of cases start, which is foreclosures in state court. That's correct. Why did you go to federal court to do it? I mean, I concede that theoretically you have diversity of jurisdiction and you can do it. I used to do a lot of this stuff. I've never seen a mortgage foreclosure in federal court until this one. The reason that this particular case was filed in Middle District of Pennsylvania is it would have been filed in Monroe County. Monroe County typically takes 18 months after a foreclosure judgment to take a property to sheriff sale, whereas federal court is typically four months to six months. Why does it take 18 months? I mean, was there a default here? In this particular case, yes, there was a default judgment. But even with default judgments, it's typical for the sheriff of Monroe County not to hold the sale for 18 months. And that's why in particular cases in Monroe County we will file in Middle District. Is that because of the volume of sheriff sales? I believe so. I don't know 100 percent. All I know is – I wondered the same thing. I did a lot of real estate and mortgage foreclosure actions early in my practice, and I never saw one in federal court. It is unusual, but there was diversity jurisdiction clearly met here, and we were just trying to obtain the quickest result for our client, which in the end, you know, wasn't the quickest result. It looks like what happened in the human world is that you had diversity jurisdiction, the judge let you go forward, and then all of a sudden you started bringing up complicated issues of state real estate law, and the judge took 15 steps back and punted. Well, that's – we're unsure as to why Judge Munley ruled the way he did because he originally did set aside the Marshall sale, and he correctly set aside the Marshall sale to allow parties to start again. But with respect to your first motion, he goes, no, I'm not going to grant that. That's correct. In effect, because it's state law. Yes, you're right. He granted the second, then he went back, and we thought it's sort of like, oh, my goodness, I'm getting myself into a real thicket here of state real estate law. That's where they should be to begin with, and I'm just going to wash my hands of it. That's correct. And because this case from beginning to conclusion fell within diversity jurisdiction, we believe that Judge Munley did error because this isn't a separate title issue. This is just a mistake in the execution of the judgment, which we were not able to obtain the remedy, which was the ultimate goal of the foreclosures. But Judge Munley, perhaps inartfully, in his two opinions, basically said that the mortgage foreclosure action is finished. And really what opposing counsel argues that that means is that he said, wait a minute, we no longer have jurisdiction. Sorry, Your Honor. Is it that the essence of this case is that the district court wants the sheriff's sale finished? And when do you say the sheriff's sale is complete? I would say the sheriff's sale is complete when there's a distribution and the foreclosing entity is able to realize its foreclosure judgment. There's a confirmation order and then distribution. Yeah, but doesn't Pennsylvania law say that the sheriff's sale takes place when the hammer falls? The sheriff's sale does take place when the hammer falls. I mean, when the marshal said sold to the plaintiff for cost and taxes, that's the hammer falling. That's correct. However, it is routine in Pennsylvania state courts for a senior mortgagee to petition to redo the sheriff's sale if there is a mistake in the execution process. It's done routinely, as I cited in my brief. That's in Pennsylvania state court. That's correct. But the question here is for federal jurisdiction. The question becomes, reminding you again, Judge Monley said that the mortgage foreclosure in action is finished. The question becomes then, does the federal court, you know, we're courts of limited jurisdiction. Do we any longer have jurisdiction when you're fighting over a $51,000 junior lien? I believe there was still jurisdiction because the case, there's still an issue as whether did the case really end? Was it really concluded? Was it final? Because the foreclosure is not finished. My client has not been able to realize its foreclosure judgment, and the amount of controversy is still the amount that it's trying to obtain through its foreclosure judgment, which was over $146,000. Can all of these matters be litigated in state court? We attempted to go to state court, Your Honor. However, because this was pending appeal. Okay. But if it was not pending, you can go back to the common pleas court in Monroe County, and you can litigate these matters. You can litigate whether or not, under Pennsylvania law, the junior lien was stripped by virtue of the marshal sale slash sheriff sale, and the court can decide that question. That's correct. We did file a petition for equitable relief in the state court, which Judge Miller denied without prejudice because it's on appeal. However, at the same time, she also dismissed a police petition to intervene and preliminary objections for lack of standing, which is also an issue in this case as to who is Dream Builder. We don't know who Dream Builder is. Dream Builder did not appear on record as of the time of the writ of execution. But the beneficiary here is Chase, no matter who the mortgage servicer is, correct? Well, that's the thing. We don't know if Dream Builder is the servicer or the assignee. If it's the assignee, it had a duty to record an assignment, so it would have been a record and it would have been entitled to notice prior to the sale. If it's an assignee and it didn't record its interest, Dream Builder had no business filing anything in the court below because it wasn't a record at the time the writ executed. There's no way for the plaintiff to have known whether to serve notice of sale to an assignee who did not appear of record. Isn't it really your argument that, look, once you take jurisdiction of a case, you have to see it to a finish? Yes. And there are certain times when you, like Kekkonen, the Supreme Court case, that dealt with a settlement agreement, and somebody violated the settlement agreement, the trial court had not retained jurisdiction, and therefore that's a new claim that you need to bring separately. Here, I thought the argument was that we haven't gotten a deed. We've got issues relating to who gets the money once the confirmation order comes down. That's an issue that you, the district court, having accepted jurisdiction, cannot back away from. You have to deal with it. Sorry. That's correct, Your Honor. But shouldn't having vacated the order that vacated the Marshall sale, didn't the judge have the discretion to back away from it? I would say that the judge has the discretion. I would say that he abused his discretion in vacating that order on petition of a disinterested party. But he has the discretion to not exercise his jurisdiction, his ancillary jurisdiction, correct? Well, that would fall within, I would think, the issue of abstaining, which I did address in my brief as well, which I don't think that state court under Younger or Burford, I don't think that abstention was appropriate either, since Judge Mundley did exercise jurisdiction over the entire case, and this is part of the foreclosure process, and state court was not readily reviewable because the case was filed in federal court rather than state court. There were no competing state interests to be considered. Abstention was not appropriate either. Why don't we get your opposing counsel up, and then we'll get you back on rebuttal. Thank you. Thank you. Good morning, Your Honors. I'm Brian Kelly on behalf of Chase Manhattan Bank, Dream Care of Dream Builders, one of the junior entities here. I would like to identify for the court what the status of Dream Builders is so that it can be clear why we are here and why we have been involved in this litigation from the very beginning. There is an assignment made from Chase Manhattan Residential Funding to Mears Care of Dream Builders. That assignment of mortgage exists and is dated after the relevant dates of this particular litigation. So, therefore, Dream Builders has to rely upon whatever rights, title, and interest might have been vested in Chase Manhattan Residential at the time of the filing of the writ of execution. So I'd like to clear that particular issue up for the court. So Chase is the beneficiary? Yes, Your Honor. Now, the reason I assume that you sought to vacate the order divesting or vacating the sheriff's sale was because you wanted to say that your lien was still in place? That is correct, Your Honor. We had a prior order of July 3rd from Judge Munley indicating that our lien was not divested by virtue of the sale. If you go back to state court, can a state court set aside a sale order by a federal court? Your Honor, very interesting question. On behalf of third-party purchasers who have not examined the title, have not done their homework in advance, I have been advised by counsel for lenders that the appropriate remedy is an action to acquire a title, which would be filed in state court. I have yet to take those particular proceedings. So if they go back to state court in Monroe County, what you're going to say is you can't foreclose because you, the state court, can't do anything to set aside a sale ordered by a federal court, and all that you can really do is attempt to quiet title? That is correct, Your Honor. Boy, that puts everybody between a rock and a couple of hard places, doesn't it? And the question at quiet title action is going to be whether or not the marshal's sale divested the junior lien. That is correct, Your Honor. You could very well lose on that issue. That is correct, Your Honor. Which makes all of this relatively good. Your Honor, I think Judge Munley was, and the court here has correctly put its finger on what transpired here. Judge Munley did not want to address these particular title issues. He is a contemporary of mine. I know him well, and I understand his reluctance to probably deal with this particular issue. But isn't the problem that once you have jurisdiction, and it doesn't go elsewhere for abstention or other reasons, and we'll talk about that, you have a, quote, unflagging obligation, close quote, to stay it through. And this is not a new claim. This is part of the very same procedure that hasn't been ultimately confirmed by a court. Your Honor, I believe that the federal court system under Rule 69A1, which applies where there is an execution on a state judgment, that the rules of civil procedure for Pennsylvania apply. And Rule 3132 of the Pennsylvania Rules of Civil Procedure is basically the petition to set aside a sheriff's section of the rules. And the case law underneath that particular section is an equitable standard. You must have an equity position in order to be able to sustain that motion. That issue doesn't change even at the federal court level. So even if we were to answer your question. But my point is, regardless what state law says, doesn't the federal judge have to see it through? I'm saying that he may be required to do that under 69A1. And as I treat in my brief, that even if Judge Munley had addressed those issues, he would have discovered underneath Pennsylvania law that the plaintiff, appellant in this case, did not have the equitable jurisdiction because it made a mistake. But that would be an argument that would be made before him and he would have to resolve. I mean, the first thought that goes through your mind in terms of how can I get rid of this, you would think of abstention, but I can't think of any of the possible four abstention doctrines that conceivably applies. Clearly not Pullman abstention. Clearly not Younger abstention. Burford abstention, which is, you know, is there state law issues that you need to have a coherent state policy, arguably. And clearly not Colorado River abstention because it's got nothing to do with, I guess it could do with judicial resources. But, you know, the hole or the gap to allow abstention is pretty small once you take jurisdiction here. Your Honor, I actually believe that the appropriate standard is the Kikkoman standard, which you. Well, Kikkonen. Kikkonen is how you pronounce it. Kikkonen is that, again, you had a settlement agreement. And we have a case from our circuit that follows that. And the court did not retain jurisdiction. And then later on, somebody violated that agreement. And they came back and they say, okay, court, enforce the settlement agreement. And what the Supreme Court said is that is a new claim, the claim being that a violation of an agreement, and it's not a continuation of the old case which had been closed. This case is not a new claim. It's the thing that you ordered that you allowed to take place, the foreclosure sale, tell us how we go about settling up in terms of who has liens, who doesn't, in order that we determine who gets the money and who doesn't before you enter the confirmation order. And I would counter, Your Honor, by virtue of saying that Kikkonen establishes the principle of what is ancillary jurisdiction, and your analysis is correct. When you take that principle and apply it, as the court did in Peacock, that the ancillary jurisdiction to enforce, enhance, or justify a particular verdict had to be against the original judgment debtor, the original defendant in that action. And here, neither Chase Manhattan Residential nor Chase Manhattan Dream Builders were original people as defendants in the cause of action. But the point is, ancillary jurisdiction doesn't give a court jurisdiction to hear additional claims. This is, what I'm saying to you, is not an additional claim involving new parties. It's just exercising its jurisdiction over proceedings arising out of the very case over which it did have jurisdiction under 1332. And I believe if you then go to Peacock, there is another set of exceptions to that particular rule that it has to be against the original parties, and neither of the appellees were original parties in the foreclosure action. But you said at the beginning here that Chase is the beneficiary in any event. That is correct, Your Honor. Now, National City argues here, and they argue a number of different things, but getting into the, because there are a number of different questions, but they argue essentially that the district court's jurisdiction continued until the deed was delivered. Now, I know there's a dispute as to whether or not the deed was delivered, but let's assume for a second that the deed wasn't delivered, because that's what they say, the deed wasn't delivered. It then grinds its argument on the Pennsylvania Rules of Procedure 3132, which allows the court to set aside a marshal's sale or sheriff's sale for any reason until the deed was delivered. Why isn't that argument sound? The reason why it's not sound is because that rule is based upon equitable considerations. You must have clean hands when you go into that and utilize that rule to set aside a marshal's or sheriff's sale. The Schaefer case, which is cited in my brief, indicates that if you have made a unilateral mistake as a result of bidding, because that's what that case was about, the bank counsel made a mistake as far as a bid and they were prejudiced by that bid, then you do not have the standing, you do not have the equitable grounds to be able to pursue a petition to set aside a sheriff's sale. And that's essentially what we have here. We have some carelessness, as the court pointed out, that, you know, a bring-down search was done, they had all the information available to them to avoid this particular issue, and it happened. Well, that's why we're here. I mean, obviously mistakes were made. But you argue in your brief, you know, expand on it, but you argue it that the jurisdiction ended of the district court. But National City argues that the jurisdiction continued until the sheriff's sale, or until a deed was delivered. And the rules allow for a party to come in to set aside the sheriff's sale. Now, I just am having trouble understanding why the rules shouldn't apply here and why jurisdiction shouldn't continue, as Judge Ambrose alluded to. I will go back to the, that your analysis is accurate, Judge. But there is a threshold question that must be addressed as to whether or not the petitioner has the equitable right. The rule doesn't say that. No, but the case law does. Well. Says what? Says that it's an equitable proceeding. But isn't that a separate proceeding? That's a separate equitable proceeding in addition to the proceeding that we're talking about here. You have this proceeding that's still going on until a deed's delivered. That's National City's argument. You know, I posited the other question for you, that the sheriff's sale ended when the hammer fell, and the hammer fell when they said sold to the plaintiff for cost of taxes. And if you were watching me, Your Honor, I was nodding my head. I know. But the other argument is 3132. And when 3132 speaks so clearly to the continuing jurisdiction until a deed's delivered, it seems to me at this point, unless there's a question as to whether or not the deed was delivered, there's still jurisdiction. What I am saying to this Court is that even if there is jurisdiction underneath 3132, by virtue of 69A1, that the factual pattern of this particular case would prohibit National City from gaining the equitable relief that it is requesting, which would be to set aside the sale, based upon its unilateral mistake. Are they proceeding under Rule 69, or were they proceeding under Rule 60? They didn't identify any rule, but if you looked at what rule they were going under, which one was it? I know in my brief, I argued 69A1 as being the appropriate rule. But ultimately, the foreclosure is under state law. And 3132 says, upon petition of any party in interest before delivery of the sheriff's deed to real property, the Court may, upon proper caution, set aside the sale and order a resale. Correct, Your Honor. I don't have any dispute with the language of the rule. It is the language of case law that has been decided underneath petitions to set aside sales at the state law level that have indicated that this is an equitable proceeding. And to be honest with this Court, I've been in the... Does it make any difference what it is? In other words, showing proper cause, maybe courts in Pennsylvania say, okay, that's an equitable consideration that you take into account. But it still means that you go back to the court that ordered the foreclosure in order to have matters resolved that relate to that foreclosure so long as you do it before the deed is given over. And the nature of my argument is that, yes, the first part of your statement is correct, Your Honor, that you would be required to go back to the original court and have them decide that issue. But based upon the facts that we know and the record that we have now, that Judge Munley, even after he has all of the facts in front of him, it would be a spurious event in front of him because there is no equitable jurisdiction in favor of National City because of the carelessness that it has already admitted to. You've lost me. The jurisdiction is already there. And the Court has, as I've said before, an unflagging obligation to see it through. And what we're saying to you is that under 3132, seeing it through means all the way through, at least until you get a deed. In Delaware, it would be until you get a confirmation order and then a deed. But let's say it's just a deed. There's no deed that's been delivered. We all agree on that.  Yes, Craig, do we? I agree to that statement, but there is a reason why a deed has not been delivered. Under Pennsylvania law, under those rules of civil procedure, the sheriff is required within a 20-day period to begin after the 30-day distribution period has expired. To issue a deed, it's mandatory under, I think it's Rule 3136. The practice in the federal court system with the marshal sale is because they're not equipped to do deeds and so forth as a practical matter. That chore is left to the successful bidder's counsel who prepares the deed, submits it to the sheriff's or marshal's office, and that in turn gets executed and recorded. So here we have a situation where the deed has not been recorded because the plaintiff has been in control of that fact. It's a question of whether it's delivered. That's correct. Recordation is delivered. If the successful bidder's counsel, which is the plaintiff, is in charge of delivering it, all they've got to do is prepare it and it's delivered. And I specifically went to the marshal's office in this particular matter to determine whether or not a deed had been delivered to the marshal's office, and it had not. Had not been. So everybody's in agreement here. The deed has not been delivered. That's correct, but there is an underlying reason why. I understand that. Thank you, Your Honor. Thank you, Your Honor. Ms. Braunstein. Just to address the assignment issue, Your Honor, counsel had stated that the assignment that has been subsequently recorded is actually in favor of MERS, which stands for Mortgage Electronic Registration Systems, care of Dream Builder. So Chase no longer holds any interest in this second mortgage. And if that's the case, then Dream Builder was not of record at the time. Do we even have to get into that? Probably not, Your Honor. I mean, whoever this goes to, federal or ultimately state, is going to have to deal with that. And it looks like on the state level, if you end up going back there, you're going to be met with the argument that you can't foreclose any longer because the state court can't overrule a federal judgment, and therefore you have to bring an action to quiet title as opposed to a foreclosure action. All for $107,000 that I'm sure for National City just wishes this hadn't happened. And for whoever is the $51,000 holder, this is going to be like John Dice versus Jarn Dice in the Dickens book. It's going to all be eaten up with attorney's fees. That's true, Your Honor. Anything else? I have no further questions. Okay. Thank you. Thank you, Your Honor. Very interesting case. Take the matter under advisement.